UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Burl Washington, | ) | C/A No. 5:16-cv-03913-BHH-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| United States; | ) | |
| Mrs. Cruz; | ) | |
| Loranth; | ) | |
| Massa; | ) | |
| Meeks; | ) | |
| Lepaine; | ) | |
| Garcia; | ) | |
| John Doe #2; | ) | |
| Jude Onucha; | ) | |
| K Bennett-Baker; | ) | |
| P. Robinson; | ) | |
| John Doe #3; | ) | |
| John Doe #4; | ) | |
| John Doe #5; | ) | |
| Paul Laird; | ) | |
| Paul Harvey; | ) | |
| B. Auterson; | ) | |
| James Cross; | ) | |
| Mr. Baugh; | ) | |
| Douglas Kruse; | ) | |
| Harold Gillian; | ) | |
| Mrs. Robinson; | ) | |
| Mrs. W. Lirios; | ) | |
| Mrs. Lyons; | ) | |
| David Goldsborough; | ) | |
| Steven Hoffimerr; | ) | |
| Frank Fester; | ) | |
| Margaret Hodges; | ) | |
| John Doe #1, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |

This is a civil action filed pro se by a federal prison inmate. Pursuant to 28 U.S.C. § 636(b)(1), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. §§ 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

I.     Factual Background

Burl Washington ("Plaintiff") is a federal prisoner, currently incarcerated at FCI-Estill in Estill, South Carolina. In the Complaint now under review, Plaintiff sues many officials and employees of the Federal Bureau of Prisons ("BOP"), alleging medical negligence and indifference relative to vision problems that Plaintiff has been experiencing during his incarceration in several BOP prisons. Plaintiff has named the United States of America as one of his Defendants. He has also named six Defendants who, according to the information contained in his summons, reside in South Carolina: Defendants Mrs. Cruz; Loranth; Massa; Meeks; Lepaine, and Garcia. Additionally, Plaintiff names four Defendants who reside in Kentucky: John Doe #2; Jude Onucha; K. Bennett-Baker; and P. Robinson. Three Defendants who reside in Oklahoma: John Does ##3, 4, and 5. Plaintiff also names three Defendants who reside in Kansas: Paul Laird; Paul Harvey; B. Auterson; and eleven Defendants who reside in Illinois: James Cross; Mr. Baugh; Douglas Kruse; Harold Gillian; Mrs. Robinson; Mrs. W. Lirios; Mrs. Lyons; David Goldsborough; Steven Hoffimerr; Frank Fester; and Margaret Hodges. Finally, Plaintiff names one Defendant who resides in the District of Columbia: John Doe #1. He seeks damages and injunctive relief and has requested a preliminary injunction and a temporary restraining order

seeking transfer from regular BOP prisons to a Federal Medical Center. ECF Nos. 7, 19. Plaintiff paid the full filing fee in this case.

II.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § 1915A,[1] and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F.3d 630, 630 n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). Even under this less stringent standard, however, the Complaint filed in this case is subject to partial summary dismissal under the provisions of 28

---

[1] District courts are to employ § 1915A's screening mechanism to "all suits by prisoners, whether or not they seek to proceed *in forma pauperis*." *Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 775 (7th Cir. 2002)*; see Green v. Young*, 454 F. 3d 405, 407 (4th Cir. 2006).

3

U.S.C. §1915A(b)(1).

III. Discussion

The Complaint in this case should be partially dismissed to the extent that it contains claims against Defendants over whom this court cannot obtain personal jurisdiction because those Defendants reside outside the geographical boundaries of the court. A bedrock requirement in any civil action is that the district court in which a Complaint is brought shall have personal jurisdiction over the persons of the defendants. Rule 4(e) of the Federal Rules of Civil Procedure ("Service Upon Individuals Within a Judicial District of the United States") by its own title suggests that persons outside a given judicial district cannot be brought into that district court. However, the Rule allows application of so-called state "long arm" statutes:

> Unless federal law provides otherwise, an individual -- other than a minor, an incompetent person, or a person whose waiver has been filed -- may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Under South Carolina law, nonresidents may be served and subjected to state court jurisdiction, under the provisions of S.C. Code Annotated § 36-2-803 ("Personal jurisdiction based upon conduct"):

4

> (A) A court may exercise personal jurisdiction over a person who acts directly or by an agent as to a cause of action arising from the person's:
>
>> (1) transacting any business in this State;
>> (2) contracting to supply services or things in the State;
>> (3) commission of a tortious act in whole or in part in this State;
>> (4) causing tortious injury or death in this State by an act or omission outside this State if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this State;
>> (5) having an interest in, using, or possessing real property in this State;
>> (6) contracting to insure any person, property, or risk located within this State at the time of contracting;
>> (7) entry into a contract to be performed in whole or in part by either party in this State; or
>> (8) production, manufacture, or distribution of goods with the reasonable expectation that those goods are to be used or consumed in this State and are so used or consumed.
>
> (B) When jurisdiction over a person is based solely upon this section, only a cause of action arising from acts enumerated in this section may be asserted against him.

Comparison of the foregoing list with the Complaint in this case demonstrates that this court is without jurisdiction over the person of the non-resident Defendants listed above, and, therefore, cannot entertain Plaintiff's claims against them. *See Walden v. Fiore*, 134 S. Ct. 1115, 1125 (2014) (finding that Nevada lacked personal jurisdiction over Georgia deputized DEA agent). It is evident that the state and federal courts of Kentucky, Oklahoma, Kansas, Illinois, and/or Washington, D.C. – not South Carolina -- are the proper forums in which to adjudicate the claims raised in this Complaint against the various non-residents of South Carolina whom Plaintiff has sued.

IV.     Conclusion

Accordingly, it is recommended that the District Court partially dismiss the Complaint in this case *without prejudice* and without issuance and service of process for Defendants Jude Onucha; K. Bennett-Baker; P. Robinson; John Does ##1, 2, 3, 4, 5; Paul Laird; Paul Harvey; B.

Auterson; James Cross; Mr. Baugh; Douglas Kruse; Harold Gillian; Mrs. Robinson; Mrs. W. Lirios; Mrs. Lyons; David Goldsborough; Steven Hoffimerr; Frank Fester; and Margaret Hodges. *See Denton v. Hernandez*; *Neitzke v. Williams*; *Haines v. Kerner*; *Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *see also* 28 U.S.C. §1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). Plaintiff should serve his Complaint on the remaining Defendants: United States; Mrs. Cruz; Loranth; Massa; Meeks; Lepaine; and Garcia. Plaintiff's attention is directed to the important notice on the next page.

February 8, 2017                                                                              Kaymani D. West
Florence, South Carolina                                                          United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).