IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Burl Washington, | C/A No. 5:16-03913-BHH-KDW |
| Plaintiff, | |
| vs. | |
| United States, Mrs. Cruz, *Warden*, Loranth, *Clinical Director*, Massa, *Chronic Care Provider*, Meeks, *Warden* Lepaine, *Clinical Director*, and Garcia, *Chronic Care Provider*, | |
| Defendants. | |

**THE UNITED STATES' ADDENDUM TO RULE 26(f) REPORT**
**(Disclosures Pursuant to Local Rule 26.03 and Rule 26(f))**

Defendant United States submits the following information as stated in the Joint Rule 26(f) Report and in compliance with Fed. R. Civ. P. 26(f) and Local Rule (DSC) 26.03. These disclosures are based on information and documents that Defendant believes to be true at the time these disclosures are being made, and Defendant reserves the right to amend, change, or modify, supplement or otherwise alter the disclosures in a manner consistent with Fed. R. Civ. P. 26(e).

**ADDITIONAL INFORMATION REQUIRED BY LOCAL RULE 26.03**

1. **Short statement of the facts of the case.**

This case arises out of Inmate Washington's contention that he has not received adequate and sufficient medical care and treatment for his eye impairment and visual complications. He alleges that a number of Defendants have individually and collectively denied, interfered with and/or delayed his access to timely, adequate medical care to the point of actual injury and that said Defendants acted in a vindictive and retaliatory manner.

**2.     Names of fact witnesses likely to be called by the party and a brief summary of their expected testimony.**

Defendant anticipates that they will call one or more of the following individuals as fact witnesses:

   a. Maureen Cruz
   b. David Massa, M.D.
   c. B.J. Meeks
   d. Richard Lepiane
   e. David Garcia
   f. Hector Joyner
   g. Michael Pacheco
   h. Regina Bradley

Defendant anticipates that there may be additional fact witnesses identified during discovery. Defendant reserves the right to supplement her response to this inquiry during discovery and to call as a witness any individuals deposed or identified by Plaintiff, co- Defendant or any other party.

**3.     Names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered).**

At this time, Defendant has not yet determined what expert witnesses, if any, it will offer in this matter. Defendant reserves the right to amend or supplement her response to this inquiry as it becomes necessary or appropriate in the future.

**4.     Summary of the claims or defenses with statutory and/or case citations supporting the same.**

   a.   Failure to state a claim. Rule 12(b)(6) of *Federal Rules of Civil Procedure*

   b.   All of the named Defendants are entitled to Qualified Immunity in their individual capacity.

   c.   Plaintiff's claims against the United States of America under the Federal Tort Claims Act (FTCA) are untimely and must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

d. This case was filed in an improper venue over claims that occurred in Kentucky, Missouri, and Georgia. These claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(3).

e. Plaintiff has failed to file an expert affidavit with his Complaint, as required under South Carolina law, in order to state a claim for medical malpractice.

f. Plaintiff's tort claims under the FTCA, arising more than two years prior to the filing of his administrative claim, are barred by the statute of limitations.

5. **Proposed dates for the following deadlines:**

   a. Exchange of Fed. R. Civ. P. 26(a) (2) expert disclosures.

   As set forth in the Proposed Amended Scheduling Order, Plaintiff's Fed. R. Civ. P. 26(a)(2)(B) disclosures are due **November 13, 2017**.

   As set forth in the Proposed Amended Scheduling Order, Defendant's Fed. R. Civ. P. 26(a)(2)(B) disclosures are due **December 13, 2017**.

   b. Completion of discovery.

   As set forth in the Proposed Amended Scheduling Order, discovery shall be completed no later than **February 12, 2018**.

   c. Dispositive motions.

   As set forth in the Proposed Amended Scheduling Order, dispositive motions shall be filed on or before **March 14, 2018**.

6. **Special circumstances which would affect the time frames applied in preparing the scheduling order.**

   Defendant is unaware of any special circumstances that would affect the time frames applied in the Proposed Amended Scheduling Order.

7. **Any additional information requested in the Pre-Scheduling Order or otherwise requested by the assigned judge.**

   No additional information has been requested at this time.

## Rule 26(f)(3) DISCOVERY PLAN

**(A)     What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made?**

RESPONSE: The parties have conferred and proposed with the Joint Rule 26(f) Report an Amended Scheduling Order for the timing of all disclosures under Rule 26(a);

**(B)     The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or limited to or focused upon particular issues;**

RESPONSE: The parties have discussed discovery of what may be needed based upon the underlying facts, the expert opinions, and the alleged damages. The parties agree that the discovery will be conducted in accordance with the Amended Scheduling Order proposed with the parties' Joint Rule 26(f) Report.

**(C)     Any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced;**

RESPONSE: None known at this time.

**(D)     Any issues about claims of privilege or of protection as trial-preparation materials, including – if parties agree on a procedure to assert these claims after production – whether to ask the court to include their agreement in an order;**

RESPONSE: None known at this time.

**(E)     What changes should be made in the limitations on discovery imposed by these rules or by local rule, and what other limitations should be imposed; and**

RESPONSE: None known at this time.

**(F)     Any other orders that the Court should issue under Rule 26(c) or under Rule 16(b) and (c).**

RESPONSE:  None known at this time.

|  |  |
|---|---|
|  | Respectfully submitted,<br><br>BETH DRAKE<br>UNITED STATES ATTORNEY |
| By: | *s/Marshall Prince*<br>MARSHALL PRINCE (#5617)<br>Assistant United States Attorney<br>1441 Main Street, Suite 500<br>Columbia, South Carolina 29201 |
| August 23, 2017 | Telephone: (803) 929-3000 |