UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Burl Washington, | ) | C/A No. 5:16-cv-03913-BHH-KDW |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | (concerning Plaintiff's Motions for Temporary |
| United States, | ) | Restraining Order and Preliminary Injunction, |
| Mrs. Cruz, Warden, | ) | ECF No. 37) |
| Loranth, Clinical Director, | ) | |
| Massa, Chronic Care Provider, | ) | |
| Meeks, Warden, | ) | |
| Lepaine, Clinical Director, and | ) | |
| Garcia, Chronic Care Provider, | ) | |
| Defendants. | ) | |

Burl Washington ("Plaintiff"), proceeding pro se at the time, brought this action alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. This matter comes before the court on Plaintiff's Motion for Temporary Restraining Order/Motion for Preliminary Injunction filed pro se on March 23, 2017. ECF No. 37-2; *see Houston v. Lack*, 487 U.S. 266, 271 (1988) (pro se prisoner's pleading is deemed "filed" at moment of delivery to prison authorities for forwarding to district court).[1] On motion filed by Plaintiff and finding that exceptional circumstances exist as a result of Plaintiff's physical impairment of blindness, the undersigned appointed legal counsel for Plaintiff on April 11, 2017. ECF Nos. 42, 43. Defendants filed a

---

[1] Plaintiff previously filed two separate pro se motions for preliminary injunction and temporary restraining order. ECF Nos. 7, 19. With consent of the parties, on May 23, 2017, ECF No. 49, those two motions were consolidated for all purposes with the third motion he filed, which is docketed at ECF No. 37.

response opposing Plaintiff's Motion on July 18, 2017, ECF No. 57. Pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review pretrial matters in cases civil rights cases challenging prison conditions or conditions of confinement and to submit findings and recommendations to the district court.

I. The Motion for Preliminary Injunction and Temporary Restraining Order

    A. Plaintiff's Contentions

In his consolidated Motion, Plaintiff complains about having to be housed in the general population at FCI-Estill because he believes that his condition of total blindness places him "in imminent danger of assault by [an] inmate or staff . . . ." ECF No. 37 at 1. Plaintiff contends that the imminent danger arises from "denial of timely and adequate medical care/ denial of adequate assistance with ambulation, medication administration and routine daily activities and retaliatory acts by staff." *Id*. at 4. Plaintiff states that Defendants Lepaine and Garcia "continue to deny" him adequate assistance with ambulation and "totally denies" him "assistance with medication administration . . . in part as retaliation" for the filing of grievances and administrative claims. *Id*. at 5.

Plaintiff asserts that recommended glaucoma surgery was denied to him in December 2014 and June 2015 and that he was denied access to a "glaucoma specialist" from June 10, 2015 to October 18, 2016. ECF No. 37-4 at 12. He states that he was sexually assaulted in 2015 and threatened with sexual assault in November 2016, was subjected to false and retaliatory disciplinary charges in October 2016, and was denied a refill on his eye drops in December 2016 when he dropped the bottle and spilled its contents while trying to self-administer his medication. ECF No. 37-4 at 15, 17. Plaintiff states that he was placed in the SHU under protective custody on February 12, 2017, and states that he told several corrections officers the next day that he needed

protection from "staff." *Id*. at 7; ECF No. 37-4 at 13-14. Plaintiff states multiple times that staff is the perceived threat to him, and states that he was placed in a cell with a mentally unstable inmate "for the purpose of causing injury" to him. ECF No. 37 at 8-10. Plaintiff also alleges that from February 27 to March 5, 2017 he was placed in a cell that was contaminated with feces, urine, and blood, but that staff refused to clean the area or move him to a clean cell. *Id*. at 11. Finally, Plaintiff alleges that he received injuries and a threatened assault from another inmate while walking with a companion inmate on January 3, 2017 and December 26, 2016. ECF No. 37-4 at 17.

Plaintiff requests a transfer to the closest Federal Medical Center/Camp and provision of a proctor and/or nurse to provide assistance with ambulation, medication administration, and routine daily activities. ECF No. 37-3 at 1. Plaintiff further requests evaluation by a certified low vision therapist, scheduling of glaucoma surgery, and placement in a single-person cell among only lowest security risk inmates. *Id*. at 2; ECF No. 37-4 at 2.

B. Defendants' Response

Defendants oppose Plaintiff's Motion, arguing that Plaintiff's Motion is moot because it seeks relief against persons who are not employed at the prison where Plaintiff was transferred on July 12, 2017: FCI-Edgefield. ECF No. 57 at 3-4. Alternatively, Defendants address the merits of Plaintiff's requests in two separate classifications: 1) medical and life-care requests and 2) request for transfer to single person cell among low risk inmates and/or to a medical center institution. First, regarding Plaintiff's requests for assistance in ambulation, medication administration, and activities of daily living, Defendants contend that Plaintiff's current medical records show that he is now receiving "timely, adequate medical care and assistance from BOP staff to accommodate his activities of daily living." *Id*. at 6. According to Defendants and supported by the Affidavit of Patina Walton-Battle, the Health Services Administrator at FCI-Edgefield, ECF No. 57-2

3

("Walton-Battle Affidavit"), Plaintiff has five trained medical companions to assist him with movement and reading and writing and personal hygiene on a daily basis, is receiving his medication and eye drops from a nurse or medical assistant on a pill line, and, despite some disagreement with how the eye drops were administered, was scheduled to see an ophthalmologist on August 2, 2017. *Id*. In light of Plaintiff's current access to these medical and life-care services, Defendants argue that Plaintiff cannot show a likelihood of success on the merits of his *Bivens* claims[2] because "mere disagreement between an inmate and a physician over the appropriate form of treatment is not an actionable constitutional claim."[3] *Id*. Defendants point out that Plaintiff has not presented any evidence to dispute the propriety of the medical decisions made by Federal Bureau of Prisons ("BOP") officials. *Id*. at 7. Defendants also argue that Plaintiff cannot show a likelihood of success on his request for transfer to a medical center because such transfers are left to the discretion of the BOP and a prisoner has no protected liberty interest in any particular housing location. *Id*. Finally, Defendants argue that Plaintiff has presented no evidence to show that he would suffer irreparable harm without the requested injunction while Defendants would be

---

[2] *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971). In *Bivens*, the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. A *Bivens* claim is analogous to a claim under 42 U.S.C. § 1983: federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of *state* law. *Harlow v. Fitzgerald*, 457 U.S. 800, 814-20 (1982). Case law involving § 1983 claims is applicable in *Bivens* actions and *vice versa*. *See Farmer v. Brennan*, 511 U.S. 825 (1994); *see also Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985); *Turner v. Dammon*, 848 F.2d 440, 443-44 (4th Cir. 1988).

[3] Plaintiff's Complaint also states plausible claims under the Federal Torts Claim Act ("FTCA"), which does not require a constitutional violation but, rather, is an act requiring negligence-based claims. *See Talbert v. United States*, 932 F.2d 1064, 1065-66 (4th Cir. 1991). Injunctive and declaratory relief is not available under the FTCA. *See Taylor v. Bright*, 229 F.3d 1144, at *2 (4th Cir. 2000); *Ajaj v. United States*, 479 F. Supp. 2d 501, 550 (D.S.C. 2007). Plaintiff indicates in his Motion that his intention is that this case be considered filed under "Bivens, 1983, and Federal Tort Claim." ECF No. 37-3 at 2.

harmed by an order interfering with their discretion regarding housing placement for inmates such as Plaintiff. *Id*. at 8. Defendants assert that in light of the discretion afforded prison officials, the balance of equities lies with them and "public interest dictates . . . the courts should [not] interfere with the orderly running of the prison." *Id*. at 9. Plaintiff did not file a reply to Defendants' Response.

II.     Standard of Review

"[P]reliminary injunctions are extraordinary remedies involving the exercise of very far-reaching power to be granted only sparingly and in limited circumstances." *MicroStrategy Inc. v. Motorola, Inc.*, 245 F.3d 335, 339 (4th Cir. 2001) (internal citations and quotation marks omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008). A plaintiff does not have an automatic right to a preliminary injunction and such relief should be used sparingly. The primary purpose of injunctive relief is to preserve the status quo pending a resolution on the merits. Injunctive relief which changes the status quo pending trial is limited to cases where "the exigencies of the situation demand such relief." *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980).

III.    Mootness

Initially, Defendants contend that Plaintiff's Motion is moot and, therefore, this court is without jurisdiction to consider it. The Walton-Battle Affidavit shows that Plaintiff was transferred from FCI-Estill, where he was housed when this case was filed, to FCI-Edgefield on July 12, 2017. ECF No. 57-2 at 2. Ms. Walton-Battle lists numerous instances of medical care and life-care assistance that Plaintiff experienced along with the transfer. *Id*. at 2-3. Plaintiff does not dispute

5

the facts provided in the Walton-Battle Affidavit. As a result, it appears that Plaintiff is no longer being subjected to the same conditions of confinement that he was experiencing when he filed the Complaint.

At the time he filed his Complaint and his Motion, Plaintiff was housed at FCI-Estill. The remaining Defendants in this case are all employees and/or officials at FCI-Estill and Plaintiff's Complaint allegations are limited to the conditions that he encountered at FCI-Estill.[4] According to Defendants, Plaintiff was transferred to FCI-Edgefield on July 12, 2017. Plaintiff does not dispute this fact. Therefore, the record before the court reflects that Plaintiff is no longer housed at FCI-Estill, and thus, his request for injunctive relief is moot. "[A]s a general rule, a prisoner's transfer or release from a particular prison moots his claim for injunctive and declaratory relief with respect to his incarceration there." *Rendelman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009). The Fourth Circuit Court of Appeals has held that "the transfer of an inmate from a unit or location where he is subject to the challenged policy, practice, or condition, to a different unit or location where he is no longer subject to the challenged policy, practice, or condition moots his claims for injunctive and declaratory relief, even if a claim for money damages survives." *Incuma v. Ozmint*, 507 F.3d 281, 286-87 (4th Cir. 2007). Upon removal from the location where the prisoner was subjected to the challenged condition, the prisoner "no longer has a legally cognizable interest in a judicial decision on the merits of his claim." *Id*. In other words, an inmate has no further need for any injunctive relief once he is free of the challenged condition.

Here, Plaintiff is no longer subject to the conditions and policies at FCI-Estill and is now assigned to a different federal prison: FCI-Edgefield. Thus, under applicable law, Plaintiff's

---

[4] On March 2, 2017, Plaintiff's Complaint was partially summarily dismissed to the extent that it sued persons from other federal prisons where Plaintiff has been housed outside of this judicial district. ECF No. 28.

6

request for injunctive relief regarding conditions at FCI-Estill is now moot. *See Rendleman*, 569 F.3d at 186-87 (finding that plaintiff's claim for injunctive relief was moot due to his transfer to another prison); *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (same, observing that plaintiff's claim for injunctive relief related to prison conditions was "rendered moot" by his transfer to another facility). Plaintiff's dispute with the United States and with personnel at FCI-Estill does not appear to be "capable of repetition, yet evading review." *Incuma*, 507 F.3d at 289 (quoting *Fed. Election Comm'n v. Wisconsin Right to Life, Inc.*, 551 U.S. 449 (2007)). It is notable that Plaintiff does not argue that exception to the mootness doctrine, however, jurisdiction on such basis "is limited to the exceptional situation where (1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Id*. Here, such "exceptional situation" is not present, as there is no "reasonable expectation that the same complaining party will be subject to the same action again." *Id*. Plaintiff has been transferred to a new prison and his records from his current prison show that he is receiving the type of assistance with his activities of daily living that he requests in his Motion. Additionally, Plaintiff is receiving the kind of medical care and assistance that he requested. Finally, there is no indication that he will be prevented from obtaining review of the conditions at FCI-Estill in the underlying litigation process. There is no indication from the information before the court that would support a reasonable expectation that the conditions at FCI-Estill of which he complains in his Complaint will be repeated at his current location at FCI-Edgefield or that they are capable of evading review. Accordingly, Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order should be denied as moot.

IV.     Merits of the Motion

A. Medical care and life-care assistance request

Nevertheless, if the District Court were to find that Plaintiff's Motion is not moot because the situations of which Plaintiff complains are capable of repetition, it should be denied because Plaintiff has not shown likelihood of success on the merits of his claims or irreparable harm should the Motion be denied. Regarding Plaintiff's medical and life-care requests, no likelihood of success on the merits is shown because Plaintiff's allegations show only disagreements with the medical care and accommodations, not deliberate indifference. Mere disagreement between an inmate and a physician over the appropriate form of treatment is not an actionable constitutional claim. *See Wright v. Collins*, 766 F. 2d 841, 849 (4th Cir. 1985). Questions of medical judgment are not subject to judicial review. *See Russell v. Sheffer*, 528 F.2d 318 (4th Cir. 1975). Therefore, Courts are reluctant to "second-guess the propriety or adequacy of a particular course of treatment." *Bowring v. Godwin*, 551 F. 2d 44, 48 (4th Cir. 1977). While Plaintiff may consider it desirable to be physically examined by certain specialists or assisted in some specific way, such feelings do not change the fact that a prisoner does not have a right to receive the treatment of his choice. *See Jackson v. Fair*, 846 F.2d 811, 817-18 (1st Cir. 1988); *Sanchez v. Coleman,* No. 2:13-CV-0982, 2014 WL 7392400, at *7 (W.D. Pa. Dec. 11, 2014).

The Walton-Battle Affidavit shows that Plaintiff is receiving prescription medications for his eyes, assistance with the administration of those medications, and assistance with his activities of daily living at FCI-Edgefield. He was also scheduled to be examined by an ophthalmologist in early August. ECF No. 57-2 at 2-3. Plaintiff does not dispute these facts. Although Ms. Walton-Battle noted that he was sometimes argumentative with FCI-Edgefield staff over the method for putting in eye drops, at most, Plaintiff's allegations indicate that he is not satisfied with the quantity or quality of the medical care he received at FCI-Estill as of the time the Complaint was filed and

wished to receive different or additional medical care and treatment. Such circumstances do not support a finding of a constitutional violation or show likelihood of success on the merits. Furthermore, Plaintiff fails to show irreparable harm from lack of additional or different medical care or life-care assistance because he is now receiving care as shown by the Walton-Battle Affidavit. *See Direx Israel Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 812 (4th Cir.1991); *see also Winter v. Nat. Res. Def. Council, Inc.* 555 U.S. at 22 (stating that an injunction will not be issued if the injury is merely "possible" or is too remote).

B. Transfer to Federal Medical Center or to single-person cell

With respect to his request for placement in a Federal Medical Center and/or to a single-person cell among low-risk inmates, Plaintiff fails to show that he has a likelihood of success on the merits of that claim. Moreover, such relief is not an available remedy under applicable law. The placement and assignment of inmates into particular institutions or units by state or federal corrections departments are discretionary functions, and are not subject to review unless state or federal law places limitations on official discretion. *Hayes v. Thompson*, 726 F.2d 1015, 1016-17 (4th Cir. 1984). No such limitation is evident here because there is no constitutional right for a state or federal prisoner to be housed in a particular institution, at a particular custody level, or in a particular portion or unit of a correctional institution. *See Meachum v. Fano*, 427 U.S. 215, 223-24 (1976); *McKune v. Lile*, 536 U.S. 24, 39 (2002) (noting that the "decision where to house inmates is at the core of prison administrators' expertise").

Here, the evidence shows that Plaintiff is now receiving consistent and individualized medical care and assistance with activities of daily living. ECF No. 57-2 at 2-3. He is a prisoner and cannot dictate where he will be housed. The BOP, not this court, has discretion over where and how to house its prisoner. Therefore, Plaintiff has not shown likelihood of success on the

9

merits of his claim seeking transfer to a Federal Medical Center or to a different type of cell. Moreover, Plaintiff has not shown immediate irreparable harm that could come to him should the requested relief not be granted. Despite minimal allegations of injury from walking into obstacles, Plaintiff's allegations are, basically, that he is in fear of something that might happen such as an assault by a fellow inmate or by a corrections officer. It is settled that the fear for one's safety does not rise to a constitutional violation. *See, e.g.*, *Moore v. Marketplace Restaurant Inc.*, 754 F.2d 1336, 1349-50 (7th Cir. 1985) (fear for one's safety does not constitute a constitutional violation); *Wright v. Harley*, No. 9:11-2839-RBH-BM, 2012 WL 1865685, at * 7 (D.S.C. Apr. 24, 2012) (same; citing *Singleton v. Horne*, No. 9-55, 2011 WL 3290356, at * 3 (S.D. Miss. Aug.1, 2011)). Such allegations fail to show likelihood of success on the merits. Moreover, no irreparable harm is shown because any potential injury that might arise from Plaintiff's incarceration in a regular federal prison is too speculative and remote.

  C.  Balance of equities and public interest

Finally, the equities of the case and the public interest weigh in favor of denying Plaintiff's Motion because BOP officials and medical personnel are better positioned to determine the medical and daily-living needs of Plaintiff than this court. Absent a clear showing that BOP personnel have engaged in constitutionally impermissible conduct, it is not in the public's interest for this court to micro-manage the medical and daily-living needs of an inmate. *See Berman v. Lamer*, 874 F. Supp. 102, 106 (E.D. Pa. 1995). The equities in this case favor denial of the Motion because, otherwise, this court will improperly involve itself in matters of prison administration best left to the discretion of prison officials. *See Rhinehart v. Scutt*, 509 F. App'x 510, 515-16 (6th Cir. 2013). Accordingly, Plaintiff has not shown that he is entitled to the injunctive relief requested at this stage of the litigation.

V.  Recommendation

Based on the foregoing, it is recommended that Plaintiff's Motion for Temporary Restraining Order/Preliminary Injunction, ECF No. 37, be denied as moot, or, alternatively, on the merits.

IT IS SO RECOMMENDED.

September 14, 2017  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).