IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Burl Washington, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 5:16-3913-BHH |
| | ) |
| United States; | ) |
| Mrs. Cruz, Warden; | ) |
| Loranth, Clinical Director; | ) **ORDER AND OPINION** |
| Massa, Chronic Care Provider; | ) |
| Meeks, Warden; | ) |
| Lepaine, Clinical Director; and, | ) |
| Garcia, Chronic Care Provider, | ) |
| | ) |
| Defendants. | ) |

Plaintiff Burl Washington ("Plaintiff"), proceeding *pro se* at the time, brought this civil action pursuant to 42 U.S.C § 1983. (ECF. No. 1.) In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina, this matter was referred to United States Magistrate Judge Kaymani D. West for pretrial handling. The matter is now before this Court for review of the Report and Recommendation ("Report") issued by the Magistrate Judge on September 14, 2017 (ECF No. 67). In her Report, the Magistrate Judge recommends that the Court deny Plaintiff's Motion for Temporary Restraining Order/Preliminary Injunction (ECF No. 37) as moot, or, alternatively, on the merits. (*See* ECF No. 67.) Plaintiff filed objections to the Report on September 26, 2017. (ECF Nos. 74 & 75.)

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of any portion of the Report of the

Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In his objections, Plaintiff concedes that his Motion for Temporary Restraining Order/Preliminary Injunction is moot and should be denied on that ground. (*See* ECF No. 75 at 1-2.) Nevertheless, Plaintiff argues that the Report improperly makes statements and findings about the medical treatment Plaintiff is currently receiving at FCI Edgefield because such medical treatment was not, and could not, have been at issue in Plaintiff's Motion, which was filed before Plaintiff arrived at FCI Edgefield. (*Id.* at 2.) Plaintiff's concern is that should he decide to seek temporary relief in the future based upon the facts and circumstances as they may exist at FCI Edgefield, statements from the Report could be used to improperly foreclose review of any such relief. (*Id.*)

After *de novo* review, the Court finds no error in the Report. Plaintiff's Motion for Temporary Restraining Order/Preliminary Injunction (ECF No. 37) is DENIED as moot. The Magistrate Judge's analysis of the Plaintiff's current medical treatment is construed in light of the purpose of the Report, which was to address Plaintiff's Motion only. That analysis will not limit or foreclose any relief Plaintiff seeks in the future based upon facts and circumstances as they may exist at FCI Edgefield. Plaintiff's objections are overruled. Accordingly, the Court ADOPTS and incorporates the Report (ECF No. 67), by reference

into this Order.  The matter is returned to Magistrate Judge West for further pretrial proceedings.

      IT IS SO ORDERED.

/s/Bruce Howe Hendricks
United States District Judge

September 29, 2017
Greenville, South Carolina

*****

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.