UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Burl Washington, ) | Civil Action No. 5:16-3913-BHH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **OMNIBUS ORDER REGARDING** |
| ) | **MOTIONS IN LIMINE** |
| Federal Bureau of Prisons, Richard ) | |
| Lepiane, Eve Ulmer, Estate of Dr. G. ) | |
| Victor Loranth, and the United States, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court on Plaintiff Burl Washington's ("Plaintiff") Omnibus Motion in Limine (ECF No. 283) and Federal Defendants' Motion in Limine to Exclude Certain Testimony and Evidence at Trial (ECF No. 285). The motions are fully briefed and the Court now issues the following rulings on each motion in turn.

## BACKGROUND

Plaintiff is a legally blind inmate in the custody of Defendant Federal Bureau of Prisons ("BOP"). This case arises out of the allegedly inconsistent and substandard medical care Plaintiff has received while in federal custody, which, he contends, violates federal statutory and constitutional law, as well as South Carolina medical malpractice law. The operative complaint in this matter alleges five causes of action, including an Eighth Amendment claim against individual Defendants Richard Lepiane, Eve Ulmer, and the Estate of Dr. G. Victor Loranth; a Federal Tort Claims Act ("FTCA") claim against the United States; and a claim for violation of the Rehabilitation Act against the BOP. (3rd Am. Compl., ECF No. 197.) This case is currently scheduled to begin trial with the

selection of a jury on August 22, 2022, and to conclude on approximately August 31, 2022. (ECF No. 292.)

Plaintiff requests that this Court prohibit Defendants from introducing evidence, argument, or otherwise eliciting testimony related to the following: (1) Plaintiff's inmate file and disciplinary record while a prisoner of any BOP institution, not including documents or information related to medical treatment of his glaucoma or treatment for injuries arising from the BOP's failure to make accommodations for his blindness; (2) Plaintiff's allegedly inappropriate interactions with female medical staff and outside contractors; and (3) references to Plaintiff's date of incarceration and expected date of release from custody. (ECF No. 283.) Plaintiff asserts such evidence is irrelevant to the claims before the Court, is improper character evidence, and is highly prejudicial, warranting its exclusion pursuant to Federal Rules of Evidence 401, 402, 403, and 404. (*Id.*)

Defendants request that the Court preclude Plaintiff from introducing any evidence or allegations regarding the Estate of Dr. G. Victor Loranth. (ECF No. 285.) They assert that Plaintiff's failure to file a claim in the South Carolina Probate Court deprives this Court of authority to act on any such claims and makes any evidence related to those claims irrelevant. (*Id.*)

## **LEGAL STANDARD**

Federal Rule of Evidence 401 states that evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Irrelevant evidence is inadmissible. *See* Fed. R. Evid. 402 ("Evidence which is not relevant is not

admissible."). Moreover, "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Situations in this area call for balancing the probative value of and need for the evidence against the harm likely to result from its admission." Fed. R. Evid. 403 advisory committee's note. "'Unfair prejudice' within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Id.* "In reaching a decision whether to exclude on grounds of unfair prejudice, consideration should be given to the probable effectiveness or lack of effectiveness of a limiting instruction." *Id.*

In general, "Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a)(1). Furthermore, "Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). However, evidence of other crimes, wrongs, or acts "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

## DISCUSSION

**Plaintiff's Motion to Exclude Evidence of Disciplinary Records**

Plaintiff seeks to exclude the admission of evidence or argument that references his disciplinary records and/or inmate file, other than documents or information related to medical treatment of his glaucoma or treatment for injuries arising from the BOP's alleged

3

failure to make accommodations for his blindness. (ECF No. 283 at 3–5.) Plaintiff argues that such evidence is irrelevant because this case is about the nature, quality, and extent of medical treatment provided to him by the United States government via the BOP, and about whether appropriate accommodations were made for his blindness while in BOP custody, not about whether he has adhered to the rules of the BOP facilities where he has been confined. (*Id.* at 3–4.) He further argues that, to the extent such evidence may be relevant, it must be excluded as improper character evidence under Rule 404, or alternatively, under Rule 403 because the risk of unfair prejudice to Plaintiff outweighs any minor probative value the evidence might have. (*Id.* at 4–5.)

The first question is whether the evidence under discussion is relevant. In the operative complaint, Plaintiff alleges that: (1) he has been discriminated against because of his disability ("Rehabilitation Act claim") (3rd Am. Compl. ¶¶ 108–19); (2) he has been subjected to cruel and unusual punishment due to the BOP's inconsistent medical care and failure to provide the medical and personal assistance that he needs due to his blindness ("Eighth Amendment claims") (*id.* ¶¶ 120–31); and (3) the BOP has failed to provide medically necessary treatment, surgery, consultations, physical and occupational therapy, tools, assistance, and education necessitated by his condition ("FTCA claim") (*id.* ¶¶ 139–56). Plaintiff seeks monetary damages, as well as declaratory and injunctive relief, against the various institutional and individual Defendants. Given the breadth of the Plaintiff's claims and the institutional context in which the underlying events occurred, the Court has little difficulty finding that portions of Plaintiff's disciplinary records and inmate file, other than documents or information specifically related to medical treatment of his glaucoma or treatment for injuries arising from alleged failures to accommodate his

disability, are relevant to facts at issue in this proceeding.

In general, Plaintiff alleges inadequate or intentional denial of reasonably appropriate medical care and accommodations for his disability. Defendants contend that the BOP, its medical providers, and contractors have, for more than a decade, engaged in concerted efforts to respond and attend to Plaintiff's medical needs and to partner with him to ensure that those needs are addressed. They further contend that Plaintiff's own refusals, noncompliance, infractions, and violations of BOP policy, have prevented Plaintiff from receiving medical care and accommodations, and have in part led to the decline in his medical condition for which he now seeks legal and equitable remedies. Defendants assert that progress notes and disciplinary records "jointly paint a picture of the medical care provided to Washington by the BOP, as well as Washington's own participation (or lack of participation in that care)" (ECF No. 288 at 4), and the Court agrees. These records, having been created at the time the events in question occurred, will provide a roughly contemporaneous view into the nature and character of Plaintiff's interactions with BOP personnel about his medical care and accommodations. Defendants have voluntarily confirmed that of the thirty (30) disciplinary incidents to date since April 2009, they intend to introduce only those reports of incidents that affected Plaintiff's medical care, his training, and/or his counseling. (*Id.*) The Court will enforce this concession, as it is no doubt true that there are disciplinary records and other portions of Plaintiff's inmate file that are indeed irrelevant to the facts at issue. However, to the extent that Defendants introduce records designed to show that Plaintiff thwarted the efforts of BOP staff by his refusal to cooperate and comply with recommended procedures and instructions in taking his medication, and thwarted the efforts of staff and inmate

5

companions who were attempting to assist Plaintiff toward becoming more independent despite his medical condition, those records are relevant and therefore presumptively admissible. Fed. R. Evid. 401 & 402; *Old Chief v. United States*, 519 U.S. 172, 178–79 (1997).

The next question is whether the records under discussion constitute improper character evidence under Rule 404. Plaintiff asserts that presenting evidence of his disciplinary record "might allow the jury to draw inappropriate inferences regarding Plaintiff's character in connection with his treatment, or the lack thereof[,]" and "[w]hether Plaintiff's disciplinary record suggests that he has good character, bad character, or something in between has no bearing on the government's responsibility to provide him with constitutionally adequate medical care or accommodations." (ECF No. 283 at 4.) These assertions, however, are true only so far as they go.

Of course, the government's obligation to provide constitutionally adequate medical care remains constant regardless of the quality of Plaintiff's character, but it is no less true that Plaintiff's own conduct could inhibit or even prevent BOP staff and inmates' reasonable efforts to provide such care and accommodations. Plaintiff has not shown that Defendants are seeking to introduce the records in question as evidence of Plaintiff's character in order to prove that on a particular occasion he acted in accordance with that character. *See* Fed. R. Evid. 404(a)(1), 404(b)(1). Rather, the Court is persuaded that the evidence will be offered to properly contextualize instances where Plaintiff's medical treatment and accommodations fell short of what might otherwise be reasonably expected or constitutionally required. In this sense, the evidence is relevant and necessary to allow Defendants to rebut Plaintiff's core allegations that Defendants were deliberately

indifferent to his serious medical needs, committed medical malpractice, and failed to reasonably accommodate his disability.

The last question is whether the records under discussion, though relevant to Defendants' defense, are otherwise excludable under Rule 403. After conducting the required balancing test, the Court finds that the probative value of this evidence is not substantially outweighed by the danger of unfair prejudice and/or confusion of the issues. Fed. R. Evid. 403. Plaintiff's theory of the case is that Defendants failed to provide him with adequate medical care and accommodations. Defendants' theory is that they attempted to provide Plaintiff with the required care and accommodations, and where that that care failed to occur it was due to Plaintiff's obstruction, misconduct, and refusal to follow instructions. The probative value of Plaintiff's disciplinary records and inmate file, where those records bear upon incidents that affected Plaintiff's medical care, his training, and/or his counseling, is high. The risk that the jury will consider these records for improper purposes can be mitigated by a limiting instruction, and in any event does not substantially outweigh their probative value. Accordingly, Plaintiff's motion in limine to exclude the admission of evidence or argument that references his disciplinary records and/or inmate file is DENIED.

**Plaintiff's Motion to Exclude References to Interactions Between Plaintiff and Female Staff and Outside Contractors**

Plaintiff seeks to exclude the admission of evidence or argument regarding allegedly inappropriate interactions between Plaintiff and female staff within the BOP and outside contractors. (ECF No. 283 at 5–6.) Specifically, Plaintiff points to deposition testimony provided by BOP employees stating that an outside contractor, who has not been identified as a witness in this matter, ceased providing disability accommodation

7

training to Plaintiff because Plaintiff made sexual advances toward her. (*Id.* at 5 (citing Garcia Dep. 31:10–20, ECF No. 283-1; Bradley Dep. 34:17–35:21, ECF No. 283-2).) Plaintiff also points to another BOP employee's testimony that she was uncomfortable with Plaintiff because of his "devious behaviors." (*Id.* (citing Ulmer Dep. 58:18–59:3, ECF No. 283-3).) Plaintiff argues alternatively that the outside contractor's statements about her reasons for discontinuing training would be inadmissible hearsay if presented through BOP witnesses, that the presentation of any information about Plaintiff's inappropriate conduct toward females would be improper character evidence, and that the evidence is irrelevant because it has no bearing on whether the BOP provided constitutionally adequate medical care and accommodations to Plaintiff. (*Id.* at 5–6.)

As to the general question of whether references to Plaintiff's allegedly inappropriate conduct toward female staff and contractors will be categorically excluded, they will not be. This does not mean that Defendants have carte blanche to introduce evidence of Plaintiff sexually harassing female staff and contractors. Where Plaintiff's conduct related to the discontinuation of blind-assistance training by an outside contractor and/or affected the treatment of Plaintiff's ophthalmological conditions by BOP staff, it is relevant to the facts at issue. If offered properly, evidence of Plaintiff's conduct bearing on the viability of disability accommodation training and/or the provision of medical treatment is not designed to prove Plaintiff's character in order to show that on a particular occasion he acted in accordance with that character, *see* Fed. R. Evid. 404(a)(1), 404(b)(1), but rather to rebut Plaintiff's allegation that the BOP failed to provide reasonable accommodations and constitutionally required treatment.

The hearsay issue is more nuanced. It is clear that the BOP witnesses in question

have personal knowledge of the reasons why the blind-assistance contractor discontinued her training with Plaintiff before it was complete. (*See* Garcia Dep. 31:10–20; Bradley Dep. 34:17–35:21.) They do not need to have personally experienced the alleged sexual harassment to testify about such reasons because their knowledge of those reasons directly informed their decision-making in managing Plaintiff's care, which is material to the claims at issue. In that sense, evidence about the contractor's reasons for leaving are non-hearsay because it is offered to show how and why Defendants reacted to the discontinuation of Plaintiff's disability accommodation training, not to prove the truth of the matter asserted in the contractor's out of court statements. *See* Fed. R. Evid. 801(c)(2). However, great care must be taken by Defendants in this area, as the testimony could easily stray into hearsay. The testimony by BOP employees should be limited to a general explanation that the blind-assistance contractor stopped training Plaintiff and left her employment with the BOP prior to its completion because of her discomfort with Plaintiff's inappropriate behavior toward her, or words to that effect. Testimony about the specifics of Plaintiff's alleged sexual harassment of the contractor, which would constitute the contractor's out-of-court statements offered for their truth, will not be permitted. Plaintiff is also cautioned that cross-examination of the BOP employees on these matters could potentially open the door to further explanation about the specifics of Plaintiff's alleged behavior and that the contractor deemed it inappropriate because it was sexual in nature.

Lastly, the Court has conducted a balancing test under Rule 403 and finds that the probative value of this evidence is not substantially outweighed by the risk of unfair prejudice. In an abundance of caution, the Court will take up the question of how this

evidence will be presented with the parties at the August 11, 2022 pretrial hearing. Plaintiff's motion in limine to exclude references to interactions between Plaintiff and female staff and outside contractors is DENIED.

## Plaintiff's Motion to Exclude References to Date of Incarceration and/or Date of Release from Custody

Plaintiff seeks to exclude evidence or argument that references his incarceration date and/or his date of release from BOP custody. (ECF No. 283 at 6–8.) Plaintiff asserts that any reference to the length of his incarceration or the circumstances giving rise to his incarceration should be declared inadmissible because that length and those circumstances are irrelevant to whether Plaintiff received inadequate medical treatment from the BOP. (*Id.* at 7.) Moreover, Plaintiff contends that allowing the jury to hear his incarceration date and/or release date is tantamount to presenting evidence of his underlying crime, which is not only irrelevant, but presents a danger of significant unfair prejudice to Plaintiff because the jury could make inferences about the seriousness of the underlying crime and be induced to make decisions about Plaintiff's claims on an improper basis. (*Id.*)

The Court is informed that the parties have stipulated to the exclusion of evidence regarding Plaintiff's offense of conviction (*see id.*), and the inadmissibility of such evidence goes without saying. Defendants request that the Court hold a ruling on this motion in abeyance because, while they agree that information about Plaintiff's date of incarceration and/or release should not be admitted during the liability phase of the trial, they contend such information will be relevant during the damages phase, if any. (ECF No. 288 at 7.) The Court agrees and hereby holds a ruling on this motion in ABEYANCE as to the damages phase, if any. However, the parties are in agreement that evidence of

10

Plaintiff's date of incarceration and/or release is irrelevant as to the liability phase and no such evidence shall be admitted.

**Federal Defendants' Motion to Exclude Evidence or Allegations Regarding the Estate of Dr. G. Victor Loranth**

Defendants seek to exclude any evidence or allegations regarding the Estate of Dr. G. Victor Loranth ("Estate") because, they contend, Plaintiff's failure to file a claim in the South Carolina Probate Court deprives this Court of authority to act on any such claims and makes any evidence related to those claims irrelevant. (ECF No. 285 at 1.) Defendants note that the South Carolina Probate Code requires claims against a decedent's estate to be filed within a year after the decedent's death, S.C. Code Ann. § 62-3-803, and that it is undisputed that Plaintiff did not file a claim in probate court against the Estate within one year after Dr. Loranth's death. (*Id.* at 2.) Defendants argue that because § 62-3-803 is a non-claim statute, *see Haney v. Kavoukjian*, No. 2:19-cv-2098-RMG, 2021 WL 3190401, at *10 (D.S.C. July 27, 2021), *In re Est. of Hover*, 754 S.E.2d 875, 880 (S.C. 2014), equitable considerations are not a factor and the Court lacks the power to adjudicate the claim. (ECF No. 285 at 2–3 (quoting *In re Est. of Hover*, 754 S.E.2d at 882 (stating "noncompliance eliminates a claimant's right of action against a decedent's estate and, in turn, deprives the court of the power to adjudicate the claim").) The Court finds that evidence and allegations regarding the Estate are admissible in this proceeding and Defendants' motion in limine will be denied for the following reasons.

First, the Court finds that Defendants' motion in limine is, in substance, an improper second attempt at summary judgment. Dr. Loranth or his Estate has been a named party in this action since Plaintiff filed his *pro se* complaint in December 2016. (*See* ECF No. 1-3 at 2.) Defendants' counsel have represented Dr. Loranth or his Estate since the

11

inception of this litigation and did not raise any concerns until Defendants' motion for summary judgment in November 2019, wherein they sought to have the Estate dismissed for lack of proper service. (*See* ECF No. 229 at 22.) In ruling on the motion for summary judgment in February 2020, the Court denied the request, noting that Defendants' counsel continued to make arguments on behalf of Dr. Loranth and indicating that the Court would consider those arguments in its analysis. (ECF No. 239 at 3 n.3.)

Since then, Defendants' counsel have continued to represent the Estate and have made no further challenge to the validity of Plaintiff's claim against Dr. Loranth. Now, with trial fast approaching in a case that is five and a half years old, Defendants for the first time raise the theory that the claim against the Estate in this Court should be dismissed for failure to timely present a state probate claim and argue that all evidence of Dr. Loranth's actions should accordingly be excluded as irrelevant. However, a motion in limine is not the proper procedural vehicle to decide the validity of a party's claim. "The purpose of a motion in limine is to allow a court to rule on evidentiary issues in advance of trial in order to avoid delay, ensure an even-handed and expeditious trial, and focus the issues the jury will consider." *UFP E. Div., Inc. v. Selective Ins. Co. of S.C.*, No. 4:15-2801-RMG, 2017 WL 1293446, at *2 (D.S.C. Apr. 6, 2017) (citation omitted). "A motion in limine is thus appropriately directed to address and deal with the evidentiary concerns of relevancy, reliability[,] and prejudice[.]" *Davenport v. Goodyear Dunlop Tires N. Am., Ltd.*, No. 1:15-CV-03752-JMC, 2018 WL 833606, at *2 (D.S.C. Feb. 13, 2018). It is not an appropriate vehicle to seek "another bite at the summary judgment apple." *Dunlap v. Nielsen*, No. 16-CV-2400-JAR, 2018 WL 9669834, at *2 (D. Kan. Mar. 23, 2018).

The deadline for filing motions for summary judgment in this case was November

15, 2019. (ECF No. 204 at 2.) Defendants filed two motions (ECF Nos. 229 & 230) and even requested that the Estate be dismissed as a party defendant for lack of proper service (ECF No. 229 at 22). As explained above, the Court denied that request. (ECF No. 239 at 3 n.3.) "[T]he eve of trial," is not an appropriate time to file a "motion in limine" seeking a determination that Defendants could and should have sought in their motion for summary judgment. *Figgins v. Advance Am. Cash Advance Ctrs. of Mich., Inc.*, 482 F. Supp. 2d 861, 870–71 (E.D. Mich. 2007) (citation omitted) (denying the defendants motion in limine that argued the facts were insufficient to allow the plaintiff to seek punitive damages because that argument should have been raised at summary judgment).

None of the cases cited by Defendants to support exclusion of the evidence and allegations against the Estate involved the invocation of a non-claim statute in the context of a motion in limine. *See*, *Haney*, 2021 WL 3190401, at *1 (motion for summary judgment); *In re Est. of Hover*, 754 S.E.2d at 878 (same); *Phillips v. Quick*, 731 S.E.2d 327, 328 (S.C. Ct. App. 2012) (appeal of probate court order approving claims); *Gross v. Griffin*, 800 F. Supp. 2d 293, 294 (D. Me. 2011) (motion to dismiss). In contrast, in *Dunlap*, the district court denied a "motion in limine" that sought to exclude evidence on the basis that the plaintiff failed to comply with a non-claim statute as "an untimely motion for summary judgment." 2018 WL 9669834, at *2. The instant motion in limine, in effect, seeks not to exclude specific evidence but an entire claim. It is, therefore, denied as an untimely motion for summary judgment.

Second, the Court notes that the non-claim statute at issue, S.C. Code Ann. § 62-3-803, does not bar claims alleging liability of a decedent where that decedent is protected by liability insurance, and Defendants have not shown that Dr. Loranth was not covered

13

by insurance during the relevant period. The non-claim statute explicitly exempts claims "to establish liability of the decedent for which he is protected by liability insurance" that seek to recover up to the limits of that insurance protection. S.C. Code Ann. § 62-3-803(d)(2). It is unclear whether Dr. Loranth had insurance that may have protected him, or his Estate, against the *Bivens* claim. (*See* Defs.' Supp. Resp. to Pl.'s Third Set of Req. for Produc., ECF No. 287-1 at 2 (indicating counsel for Defendants has been unable to determine whether Dr. Loranth possessed liability insurance, and that counsel contacted the last known attorney for the Estate but has not received any response).) Thus, Plaintiff's claim against the Estate will be allowed to proceed so he can seek recovery from non-estate funds, namely, liability insurance and possibly the federal government. *See, e.g.*, *Rosario v. Waterhouse*, No. 1:19-cv-10532-LTS, 2019 WL 4765082, at *3 & n.5 (D. Mass. Sept. 27, 2019) (noting that courts have treated some government indemnification obligations like insurance policies when the government entity in question has both a duty to indemnify and a duty to defend its employee). Defendants' counsel have represented Dr. Loranth and his Estate since the beginning of this case. Dr. Loranth was an employee of the BOP at all relevant times, and his conduct occurred in the scope of his employment. Therefore, the Estate could be indemnified by—and would be entitled to seek indemnification from—the federal government for any judgment issued against it for Dr. Loranth's employment-related conduct. 28 C.F.R. § 50.15(c)(1), (4). Accordingly, the Court finds that the non-claim statute does not operate to preclude Plaintiff's *Bivens* claim against the Estate where Plaintiff seeks recovery from non-estate sources "such as the estate's right of indemnification." *See Moultis v. Degen*, 301 S.E.2d 554, 558 (S.C. 1983) (reasoning that no injustice occurs where recovery of money damages is limited to

sources other than assets of the probate estate, such as insurance, because a non-claim statute still protects heirs and/or beneficiaries, and enables them to give good title to properties, while "the insurance company is merely required to afford the protection for which a premium was paid").

Third, the Court finds that evidence of Dr. Loranth's conduct is relevant to Plaintiff's other claims. Defendants' motion seeks exclusion of evidence of Dr. Loranth's actions in the context of all of Plaintiff's claims. However, "a motion in limine should be granted only when the evidence is clearly inadmissible on all potential grounds." *McCurry v. Robinson*, No. 5:17-cv-03156-JMC, 2019 WL 6050306, at *1 (D.S.C. Nov. 15, 2019) (citation and quotation marks omitted). Putting aside Plaintiff's *Bivens* claim for the moment, evidence of Dr. Loranth's actions is certainly relevant Plaintiff's FTCA claim, providing another basis on which Defendants' motion is denied. As a BOP employee, Dr. Loranth's actions are also relevant to Plaintiff's Eighth Amendment claim against the BOP. Moreover, treatment of any medical condition—especially a chronic condition like Plaintiff's—does not occur in a vacuum, and the decisions of Plaintiff's later medical providers were inevitably shaped by Dr. Loranth's actions and recommendations. Therefore, evidence of Dr. Loranth's conduct would be relevant to the *Bivens* action portion of the trial even if Plaintiff's *Bivens* claim against the Estate was precluded by the non-claim statute. Accordingly, Defendants' motion to exclude evidence or allegations regarding the Estate is DENIED.

## CONCLUSION

For the foregoing reasons: (1) Plaintiff's motion to exclude evidence of disciplinary records is DENIED; (2) Plaintiff's motion to exclude references to interactions between

Plaintiff and female staff and outside contractors is DENIED; (3) Plaintiff's motion to exclude references to date of incarceration and/or date of release from custody is held in ABEYANCE (though it is agreed by all parties and the Court that no such reference shall be made during the liability phase of the trial); and (4) Federal Defendants' motion to exclude evidence or allegations regarding the Estate of Dr. G. Victor Loranth is DENIED.

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks
United States District Judge

July 29, 2022
Charleston, South Carolina